

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. T. Herms
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. C-5562
Re: When a tax sale of real property is had in full compliance with the terms of Article 7345b, V.A.C.S. of Texas, does the purchaser of the real property so sold take title free and clear of all liens and claims for ad valorem taxes on said property, irrespective of the year or years in which the said taxes became delinquent? And related questions.

For our mutual convenience, we shall attempt to state your questions, one at a time, and answer them in order.

Question No. 1. As we understand your question, you desire to know if real property is sold in full compliance with the terms of Article 7345b of V. A. C. S. of Texas, will the purchasers at the foreclosure sale take the title free and clear of all liens and claims for ad valorem taxes, which had become delinquent since 1935, as well as for the taxes which had become delinquent for the year 1935, and prior years?

You state that your reading of Section 5 of Article 7345b discloses that the last sentence thereof says, "Provided further that this section shall only apply to taxes which were delinquent for the year 1935 and prior years;" and inasmuch as you are expecting to foreclose the tax liens under said Article 7345b for the years, generally speaking, from 1919 to 1942,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. T. Herms, page 2

you desire us to explain the quoted portion from Section 5 of said Article No. 7345b, in connection with our statement in our Opinion No. O-5506, substantially to the effect that "When a tax sale has been had in full compliance with the terms of said Article 7345b, the purchaser of the property so sold for taxes in such foreclosure suit takes the title thereto free and clear of all liens and claims for ad valorem taxes against the property delinquent at the time of the judgment in the said suit to any taxing unit which was a party to the suit or which had been served with citation in the suit as required by said Article 7345b."

Section 5 of Article 7345b, as originally enacted in 1937 by the 45th Legislature, was worded as follows:

"Upon the trial of said cause the Court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled 'adjudged value', which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section and, provided further that this section shall only apply to taxes which are delinquent for the year 1935 and prior years."

This section of Article 7345b was amended in 1941 by the 47th Legislature (See Acts 1941, 47th Legislature, page 858, Chapter 534, Section 1) The said amendment omitted from Section 5 that portion of same which we have underscored above, and said Section 5 of Article 7345b, now in force, reads as said section is above set out down to the underscored portion.

In other words, Section 5 of said Article 7345b now reads as same was set out in our Opinion No. O-5506, a copy of which said opinion was sent you on August 16, 1943.

Hon. W. T. Herms, page 3

It is therefore our opinion that when a tax sale of real property has been had in full compliance with the terms of said Article 7345b, the purchaser of the property so sold for taxes in such foreclosure suit takes the title thereto free and clear of all liens and claims for ad valorem taxes which may exist against the property delinquent at the time of the judgment in the said suit, regardless of the year or years in which the taxes became delinquent; and this is so as to any taxing unit which was a party to the suit, or which had been served with citation in the suit as required by said Article 7345b.

As authority for the above proposition of law, we cite our Opinion No. O-5506 and the case of Mexia Independent School District v. City of Mexia, 138 S. W. (2d) 118, rendered by the Supreme Court of Texas in 1939.

Your second question is:

". . . Assuming that the adjudged value is arrived at in the proper manner, can property be sold for the adjudged value at the same sale, and on the same day as an attempted sale is made for the amount of the tax judgment? This assumes that the amount of the tax judgment is in excess of the adjudged value. This also assumes that the tax judgment is for taxes, generally speaking, for 1919 to 1942."

We may as well disregard, in answering this question, the matter of the years for which the taxes are delinquent, because under the law as it now stands the effect is the same, regardless of the year or years in which the taxes in question became delinquent.

We beg to advise you that when a judgment for foreclosure of delinquent taxes is had under the provisions of Article 7345b, that the property in question is not sold twice, one time for the amount of the taxes, penalty, interest, etc., and another time for the adjudged par value of the property; only one sale is had.

Hon. W. T. Harms, page 4

On the trial of the case the court, as provided in Section 5 of said article, shall hear evidence upon the reasonable fair value of the property. The fair value as found by the court is written into the court's judgment as a finding of the reasonable fair value of the property. This fair value is found as to the property, either in bulk or in parcels, or both, as the trial court may deem proper. This reasonable fair value so found is sometimes styled "adjudged value," and it shall be the value of the property as of the date of trial and is not necessarily the value at the time the assessment of the taxes was made.

Now, when this property is sold for the taxes in accordance with the judgment rendered, it is sold one time. It can either be sold for the aggregate amount of the judgment against the property in said suit or it can be sold for the adjudged value aforesaid as had been determined by the judgment of the court. And it cannot be sold to the owner of the property, directly or indirectly, or to anyone having any interest in the property, or to any party other than a taxing unit which is a party to the suit, for less than either the amount of the adjudged value as found by the court or the aggregate amount of the judgment against the property as adjudged by the court, whichever is lower.

But it can be sold to any of the taxing units for a less amount than either the adjudged value or the aggregate amount of the taxes, etc., due. When so sold to one of the taxing units which was a party to the suit, said taxing unit holds the property so bought in as a trustee for itself and the other taxing units which were parties to the suit, and which were adjudged to have tax liens against the such property, etc,, as is fully provided in Section 9 of said Article 7345b. We do not set out said article in full here, as the said section is long, consumes much space, and you doubtless have access to the statutes containing it.

In other words, when a judgment for delinquent taxes on land and for foreclosure of tax lien thereon has been rendered by the court, only one sale of the property is had. And when this sale is made, if all the provisions of Article 7345b have been fully complied with in the foreclosure proceeding, then the purchaser of the property at said tax sale

takes same free of all liens and claims for ad valorem taxes against the property, which were delinquent at the time of the judgment in the suit, to any taxing unit which was a party to the suit, or which had been served with a citation in the suit. Our answer to your second question is therefore in the affirmative.

As we understand your third question, it is substantially as follows:

When property is offered for sale to satisfy a judgment rendered in full accordance with the provisions of said Article 7345b, can said property be sold for lesser value than the amount of the taxes, penalty and interest for which the judgment was rendered, this lesser value being the adjudged value, irrespective of the years this tax judgment is based on?

We believe our answers to the two preceding questions have answered your question No. 3.

If we have correctly interpreted your question No. 3, then in our opinion the answer to the same is in the affirmative.

Your fourth question substantially is as follows:

When real property is sold under the conditions outlined in the preceding question No. 3, then what is the proper manner for the tax collector to handle same?

We think your fourth question has more to do with the proper method of bookkeeping than it has to do with a question of law. When property is sold for delinquent taxes under the provisions of said Article 7345b, and is sold for the adjudged value rather than for the aggregate amount of the taxes, penalties and interest due, the tax collector can only enter up, as the amount of money received, the amount he actually receives. A notation on the tax collector's record to the effect that the property was sold for the adjudged value of so many dollars, in accordance with the judgment of the district court in cause No._____, (giving the name, style and number of the case) will, we understand, be acceptable to the Comptroller.

Hon. W. T. Heras, page 6

In an effort to be as helpful to you as possible, we have consulted with the Comptroller's Department about the matter contained in your fourth question, and that office very kindly suggests that if you will put the matter covered by your question No. 4 before the Comptroller's Office, addressing your inquiry to the Comptroller of Public Accounts, State of Texas, Attention: Hon. W. L. Brown, that all possible help will be given you as to the matter of the tax collector's records in the character of entries to be made in the case indicated.

Inasmuch as in your request for opinion you have mentioned "the sale to satisfy the claim against said property owner," we take occasion here to point out that the sale of real property for delinquent taxes under the provisions of said Article 7345b, while it serves to convey a title to the purchaser free of all the liens, etc., which exist by reason of said delinquent taxes, said sale does not cancel the property owner's indebtedness to the State, County and any other taxing unit for the taxes due. The difference between the aggregate amount of the judgment rendered against the taxpayer and of the amount realized from the tax sale is a debt against the person who owned the property for the year, or the respective years, for which the taxes were assessed. Therefore, in the situation outlined in your question No. 4, where the aggregate amount of taxes, penalties, interest, and costs of suit are not realized from the sale of the property, the tax collector should be careful to see that his records reflect only a credit on the judgment for the sum of money realized from the tax sale, a proper distribution thereof and a release of the lien, and not a release of the total personal indebtedness against the taxpayer.

This office desires to thank you for your expressions of appreciation for the assistance which we have tried to render you, and beg to assure you that should we have failed to answer your questions fully, or should any further questions arise in connection with the administration of your office, we will be very glad indeed to be of any possible assistance to you in solving such problems.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
George P. Blackburn
Assistant

APPROVED SEP 2, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

GPB:AMM

APPROVED
OPINION
COMMITTEE
BY BWB